# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY, a Connecticut Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ED BOLAND CONSTRUCTION, INC.,<br><br>    Defendant. | CV-15-71-GF-BMM<br><br>**ORDER** |

  The Phoenix Insurance Company (Phoenix) brought this declaratory judgment action for a determination of its rights and obligations under a commercial general liability policy issued by it to Defendant Ed Boland Construction, Inc. (EBC). Phoenix seeks a ruling that it has no duty to defend or indemnify EBC for claims Northbank Civil and Marine, Inc. has asserted against EBC in the underlying federal lawsuit entitled *Northbank Civil & Marine, LLC v. Ed Boland Construction, Inc.*, CV 15-38-GF-BMM.

  EBC has moved to dismiss this action. EBC argues that this Court should decline to exercise jurisdiction based upon the factors set forth in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942).

Judge John Johnston entered Findings and Recommendations in this matter on June 7, 2016. (Doc. 37). Judge Johnston recommended that EBC's motion to dismiss be denied. (Doc. 37 at 2-3). Neither party filed objections.

The Court has reviewed Judge Johnston's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court finds no error in Judge Johnston's Findings and Recommendations. The Court will adopt Judge Johnston's Findings and Recommendations in full.

A federal district court has discretion to dismiss a declaratory judgment action when the question in controversy can better be settled in a pending state court proceeding. *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222-23 (9th Cir. 1998). The Supreme Court, in *Brillhart*, identified three primary factors to be considered by a federal court in determining whether to accept a declaratory judgment action: (1) the federal court should avoid needless determination of state law issues; (2) the federal court should discourage forum shopping; and (3) the federal court should avoid duplicative litigation. S*ee R.R. Street & Co. v. Transport Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011).

Application of these *Brillhart* factors confirm that this Court should retain jurisdiction. Retaining jurisdiction over this case will not result in the needless

determination of state law issues, it will not encourage forum shopping, and it will not result in duplicative litigation. The main issues presented in this action are: (1) whether Phoenix has a duty to defend EBC in the underlying federal action; and (2) whether Phoenix has a duty to indemnify EBC. Neither issue has been presented to another court for determination.

Accordingly, IT IS ORDERED:

1. Judge Johnston's Findings and Recommendations (Doc. 37) are ADOPTED in full.

2. Defendant's Motion to Dismiss (Doc. 19) is DENIED.

DATED this 27th day of July, 2016.

Brian Morris
United States District Court Judge